[No. 6,527.—Department No. 1.]

## HARPER ET AL. *v.* ROWE ET AL.

TAX SALE—CONSTRUCTION OF STATUTE.—Under a judgment in a tax suit, in favor of the People against an undivided interest, equal to 55,344 acres, in certain real estate, the Sheriff sold an undivided interest, equal to 5,000 acres, for the amount of the judgment and costs—including in the latter fifty cents for filing with the Recorder a duplicate certificate of sale—the interest sold being the smallest undivided interest that any purchaser would take and pay the amount demanded. In an action to quiet title, brought by the original owner of the land against defendants holding under the sale: *Held*, 1st, that the provision of § 8 of the Act of May 12th, 1862, (Hitt. art. 6479) that no more of the property should be sold than was necessary to pay the judgment and *costs*, authorized the Sheriff to include the *accruing* costs in the amount for which the sale was made, and that the fifty cents for filing the duplicate certificate of sale was rightly charged; and 2nd, that the property assessed and directed to be sold, being an undivided interest, a specific tract could not be sold, and the Sheriff was therefore authorized to sell an undivided interest. *Held, further*, objection being made to certain recitals in the sheriff's deed, that, as the statute did not provide for the form of the deed in such cases, the objectionable matter was mere surplusage, and did not affect the validity of the deed.

APPEAL from a judgment for the defendants, and from an order denying a new trial, in the Eighteenth District Court, County of San Diego. SEPULVEDA, J.

The complaint alleges that the defendants claim an interest in the land in controversy, by virtue of a tax deed based upon the levy for the year 1873–4, and a certificate of purchase based upon the levy of 1875–6. The defendants admit this allegation, and (excepting certain deeds from the heirs of the original owner) claim no other title. A judgment entered for the defendants was reversed by the late Supreme Court, (see report of the case, 53 Cal. 233) and the case having been remanded, the judgment now appealed from was entered. The Court found and adjudged that the tax deed and certificate referred to in the pleadings were void; but further found the judgment and sale referred to in the opinion, for the taxes of the fiscal year ending April, 1872, and adjudged that, under the same, the defendant Rowe was the owner of an undivided 5,000 acres of the land in controversy. The other facts are stated in the opinion.

*Edward F. Head*, and *McConnell*, for Appellants.

The sale was void, because. made for a sum in excess of that allowed by law, namely, the sum of fifty cents for filing a duplicate certificate of sale. (*O'Grady* v. *Bernhisel*, 23 Cal. 287; *Treadwell* v. *Patterson*, 51 id. 637.) By the provisions of § 8 of the Act of May 12th, 1862, (Hitt. art. 6479) the Sheriff was authorized to sell "no more of the property than was necessary to pay the judgment and costs." As respects jurisdictional questions, an assessment does not invoke the same order of presumptions to sustain it, as the law invokes in support of judgments. But, granted a valid judgment and a valid assessment, the same principles apply to the sale. The Tax Collector had no authority to sell an undivided interest for the non-payment. (*Roberts* v. *Chan Tin Pen*, 23 Cal. 259.)

*Chase & Leach*, for Respondents.

The item of fifty cents was rightly charged as part of the accruing costs. (Prac. Act, § 229, Amdt. 1863; Hitt. arts. 5168, 6494; Acts 1869–70, p. 152.)

*Peachy & Galan*, for Appellant (petition for rehearing).

The claim upon which the judgment is based is not to be found in the pleadings, and the finding of the District Court with regard to it was outside the issues. (*Hentsch* v. *Porter*, 10 Cal. 559; *Garner* v. *Marshall*, 9 id. 269; *Hicks* v. *Murray*, 43 id. 521, 522; *Collins* v. *Bartlett*, 44 id. 381; *Kreichbaum* v. *Melton*, 49 id. 55; *Stoddart* v. *Burge*, 53 id. 398.)

The Sheriff's deed on sale for taxes of 1871–2 was duly objected to on the proper grounds.

Ross, J.:

On the 20th of May, 1873, the People of California recovered a judgment in the Eighteenth District Court against Doe et al. and certain real estate situated in San Diego County, for the sum of $729.60, for State and county taxes levied against the said real estate for the fiscal year ending April, 1872, and for the sum of $124.83 for attorney's fees in said action, and for the

further sum of $48.33 costs of suit. By the judgment it was also decreed that so much of the real estate as should be " sufficient to raise said taxes and attorney's fees and costs, and all accruing costs herein, and the costs and expenses of the sale," be sold at public action by or under the direction of the Sheriff of the County of San Diego, etc. Under this decree the Sheriff sold the property in question, being a portion of the property assessed, at public auction for the sum of $999.52, said amount being the sum total of the taxes, attorney's fees, and costs, as fixed in the decree, together with the costs incident to the sale, in which latter was included the sum of fifty cents for filing the duplicate certificate of sale with the County Recorder. The validity of the judgment under which the sale was made was conceded at the argument, but it was claimed by the appellant that the last item mentioned, namely, the fifty cents for filing the duplicate certificate of sale, was an illegal charge, and that therefore the property was sold for a sum in excess of that authorized by law, and that consequently the sale was void.

It may be conceded, for the purposes of this case, that if the item objected to was an illegal charge, the conclusion contended for by the appellant would be correct.

But was it unauthorized by law? By § 8 of the Act of May, 1862, (Hitt. art. 6479) which was in force at the time these proceedings were had, it was provided, that " in hearing and determining an action for the enforcement of a lien for taxes, the Court in which it is pending shall have and exercise all the powers that pertain to Courts of Equity in foreclosure of mortgages and liens; but when the decree of the Court contains no special directions as to the mode of selling, no more of the property shall be sold than is necessary to pay the judgment and costs, nor shall the property be sold for less than the amount of judgment and costs."

It is claimed by the appellant that the " costs " here referred to do not include *accruing* costs, but only such as are ascertained and fixed in the judgment. It is a sufficient answer to this to say, that the judgment, which is admittedly valid, in terms directs so much of the property to be sold as shall be necessary to satisfy the taxes, costs, *and accruing costs*.

But, independent of this, we think the words used in the

statute itself include *all* costs legitimately incurred in enforcing the collection of the tax. If this be not so, then the sheriff's commissions and other costs, such as advertising, etc., are illegal charges, and the sale was void, because these items were included in the amount for which the property was sold. Yet, appellant makes no objections to any of these, and virtually concedes their correctness. But they can only be sustained on the ground that they constitute a part of the *accruing* costs. And so it is in respect to the charge for filing a duplicate of the certificate of sale. The law in force at the time the sale was made (Hitt. arts. 5169 and 6194,) required the Sheriff to file a duplicate of such certificate in the office of the Recorder of the county, and the fee bill applicable to San Diego County at the time (Stat. 1869–70, p. 152) authorized the Recorder to charge and receive the sum of fifty cents for filing such duplicate. The item objected to was, therefore, authorized by law, and properly included in the accruing costs.

It is also objected, on the part of the appellant, that the sale was void, because the Sheriff sold an undivided interest in the land, instead of a specific tract. But the findings show that it was an undivided interest that was assessed, and the judgment under which the sale was made, as well as the statute in force at the time, (Hitt. art. 6194) directed that the Sheriff, in making the sale, should " only sell the smallest quantity that any person would take, and pay the judgment and all costs." The property assessed and directed to be sold being an undivided interest, it is manifest that no specific tract could be sold. The Sheriff was directed and authorized to sell only the smallest quantity of the undivided interest assessed that any purchaser would take and pay the judgment and all the costs. This he did.

Objections are also made to certain recitals in the sheriff's deed, but as the statute did not provide for the form of the deed in such cases, the objectionable matter is mere surplusage, and in no way affects the validity of the deed.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.